UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

STEVEN GOODMAN, individually,

    Plaintiff,

v.

NATIONAL REVENUE SERVICE, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). Defendant is a well-known junk debt buyer which is in the business of buying time-barred debt and then suing consumers upon said debt in state court. Defendant purchases defaulted upon consumer credit card debt, much of which which is subject to a foreign statute of limitations (due to the applicable choice-of-law provision as enumerated in the original creditor's cardmember agreement). Often the applicable state of limitations is as little as three years.

2. After losing multiple lawsuits based in state court based upon a Delaware choice-of-law provision (like the one contained in the *Chase Bank USA, N.A.* cardmember agreement), many debt collectors operating in Florida have now

resorted to obfuscating the applicable statute of limitations by omitting the cardmember agreement as an exhibit to their (time-barred) state court lawsuits. By doing so, many consumers incorrectly believe that they are subject to Florida's longer statute of limitations and are unaware or deceived with regard to their rights and legal defenses.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

4. Plaintiff, STEVEN GOODMAN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant, NATIONAL REVENUE SERVICE, INC., is a Florida Corporation, engaged in the business of purchasing and collecting upon consumer debts in Florida; Defendant operates from offices located in Coral Gables, Florida.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect consumer debts in Florida county courts. They are a "debt collector" as that term is defined in the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect an alleged debt from Plaintiff arising from a *Chase Bank USA, N.A.* credit card used by Plaintiff primarily for personal, family or household purposes.

11. On May 9, 2012, Defendant filed a lawsuit in Broward County Small Claims Court seeking to collect upon an alleged credit card debt from Plaintiff of less than five thousand dollars.

12. The state court suit alleges Plaintiff's credit card was "charged-off" on June 30, 2008, more than three (3) years before said lawsuit was filed.[1]

13. The state court suit fails to attach the subject *Chase Bank USA, N.A.* cardmember agreement, which in fact contains a Delaware choice of law provision. *See generally, L.W.T, Inc. v. McCorriston,* 2007 WL 5018840 (Fla. 13th Cir. Ct. App. 2007).

14. Florida law recognizes and honors choice of law provisions in agreements applying the law of other states. *Maxcess. Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337 (11th Cir. 2005).

15. The statute of limitations in Delaware for action to recover credit card related debts is three (3) years. *See* 10 Delaware Code § 8106(a).

16. Defendants knew or should have known that the complaint was filed beyond Delaware's three (3) year statute of limitations; nonetheless, Defendant consciously chose to omit the cardmember agreement from the state court lawsuit in order to obfuscate the true statute of limitations from the consumer.

17. Knowingly filing a time-barred suit is a violation of the FDCPA. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987). "Because few unsophisticated consumers would be aware that a statute of limitations could

---

[1] While Defendant has selectively alleged only the "charge-off" date, the statute of limitations in accordance with Delaware law begins to run from the date of breach, which was approximately six months before the so-called "charge-off" date.

4

be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits." *Id*. at 1487.

18. Because of the small amount of the alleged debt, Defendant knew Plaintiff would likely acquiesce as he would not be aware of the statute of limitations as a defense and the cost of attorney's fees to learn of his defenses and assert them would exceed the amount sought.

## COUNT I
## FILING A TIME-BARRED SUIT

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendant violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C § 1692e, by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C § 1692d, and by engaging in an unfair and deceptive practice in violation of 15 U.S.C § 1692f by filing a suit against Plaintiff which Defendant knew or should have known was time-barred.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages; including, but not limited to, state court attorney's fees;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 24th day of February, 2013.

          **SCOTT D. OWENS, ESQ.**
          664 E. Hallandale Beach Blvd.
          Hallandale, Florida 33009
          (954) 589-0588 Phone
          (954) 337-0666 Fax
          Florida Bar No. 0597651
          scott@scottdowens.com

          By: s/ *Scott D. Owens*
          Scott D. Owens, Esq.
          Florida Bar No. 0597651